IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. THURMAN SONNY VAUGHN, and TONI AQUILLARD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-04-1278-M |
| OKLAHOMA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Application to Amend Answer, filed January 26, 2006. Plaintiffs have filed their objection to defendant's application, and defendant has filed a reply. Based upon the parties' submissions, the Court makes its determination.

Defendant moves this Court for leave to amend its Answer. Specifically, defendant states that upon review of its Answer, it has determined that several of the responses in the Answer filed by its former counsel are insufficient and/or incorrect and that other affirmative defenses to plaintiff's claims exist and should be pled. Plaintiffs object to defendant's application to amend.

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and <u>leave shall be freely given when justice so requires</u>." Fed. R. Civ. P. 15(a) (emphasis added).

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. . . . In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be

> freely given. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations and citation omitted).

Plaintiffs initially object to defendant's application on the basis of judicial estoppel. The doctrine of judicial estoppel provides that "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). In order for judicial estoppel to be applicable in a case, (1) a party must assume a factual position that is "clearly inconsistent" with an earlier position; (2) the earlier position must have been judicially accepted in a previous proceeding; and (3) the party seeking to adopt the new position must obtain an unfair advantage. *Johnson*, 405 F.3d at 1069.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown that defendant's earlier position was judicially accepted in a previous proceeding. First, the Court finds that defendant's earlier position – its Answer – was not assumed in a previous proceeding but was assumed in the instant action, the same action in which defendant is now seeking to assume a different position. Further, the Court finds that defendant's earlier position has not been judicially accepted; the Court has not entered an order nor made any rulings in this case based upon defendant's Answer.

Additionally, plaintiffs assert that defendant would be at an unfair advantage because

plaintiffs filed a motion for partial adjudication based upon defendant's original answer. However, having reviewed the parties' submissions, the Court finds that defendant will not obtain an unfair advantage. While plaintiffs did file a motion for partial adjudication based on defendant's Answer, defendant advised plaintiffs' counsel prior to the filing of that motion, that it would be seeking leave to amend its answer and informed plaintiffs' counsel of the contents of the proposed amended answer. Further, the issue raised in the motion for partial adjudication is a question of law, and any factual assertions affected by the amendment of defendant's Answer would have no bearing on the motion.

Accordingly, the Court finds that the doctrine of judicial estoppel is inapplicable to the case at bar.

Plaintiffs also object to defendant's application because the conduct which defendant admitted and is now seeking to deny was conduct that actually occurred. This argument, however, goes to the merits of this case and would more properly be brought through motions, such as a motion for summary judgment, after the amended answer has been filed.

Finally, having carefully reviewed the parties' submissions, the Court finds that justice requires that defendant be granted leave to amend its answer. Specifically, the Court finds that there has been no undue delay, bad faith, or dilatory motive on the part of defendant in seeking to amend. The Court also finds that there has been no failure to cure deficiencies by amendments previously allowed. The Court further finds that plaintiffs will not be prejudiced if defendant is allowed to amend its answer and that defendant's proposed amendment is not futile.

Accordingly, the Court GRANTS defendant's Application to Amend Answer [docket no. 44]. Defendant shall file its Amended Answer within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 28th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE