## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. THURMAN SONNY VAUGHN and TONI AQUILLARD, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. CIV-04-1278-M |
| OKLAHOMA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, ) ) ) ) | |
| Defendant. ) | |

### ORDER

Before the Court is plaintiffs' Motion to Amend the Complaint Out of Time, filed July 31, 2006. On August 4, 2006, defendant filed its objection.

In their motion to amend, plaintiffs state:

> Since the case has come out from under seal, it has become apparent the Defendant, Oklahoma Property and Casualty Insurance Guaranty Association ("Guaranty Association") has committed fraud on the government in a manner other than what was originally pled. The Plaintiff [sic] has discovered a new and different mechanism by which the same type of fraud has been accomplished, specifically violations of Federal law. Further, the Plaintiffs wish to amend the complaint so the complaint is consistent with the evidence in the case. It has been discovered that the amount the government has been damaged is significantly greater as a result of unplead [sic] conduct. . . .
> . . . The Plaintiffs are merely amending the complaint because they have discovered new evidence. . . . The only amendments that the Plaintiffs are making are facts and claims that were discovered after the original complaint was filed.

Motion to Amend the Complaint Out of Time [docket no. 74].

Local Civil Rule 7.2(k) provides:

> (k) **Motions to Amend or Add Parties.** In a motion to amend or a motion to add parties, the movant shall state: (1) the deadline date established by the scheduling order, if any; (2) whether any other party objects to the motion; and (3) shall include as a separate section under the heading "Relief Requested" a statement of the precise relief requested by the motion. All such motions shall be accompanied by a proposed order which specifically sets forth what is being amended and/or the names of parties being added, which shall not differ in any respect from the relief requested in the motion.

LCvR 7.2(k).

Upon review of plaintiffs' motion to amend, the Court finds that plaintiffs have failed to comply with Rule 7.2(k). Specifically, the Court finds that plaintiffs have failed to include a statement of the precise relief requested and have failed to submit a proposed order which specifically sets forth what is being amended. In fact, the Court finds that plaintiffs' motion fails to provide the Court with any specific information as to what new claims plaintiffs are seeking to assert and upon what "new evidence" these claims are based. The Court, therefore, finds that plaintiffs' motion to amend should be denied. *See Calderon v. Kan. Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (upholding denial of motion to amend based upon parties' failure to state particular grounds for request).

Accordingly, the Court DENIES plaintiffs' Motion to Amend the Complaint Out of Time [docket no. 74].

**IT IS SO ORDERED this 8th day of August, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE