### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. THURMAN SONNY VAUGHN, and TONI AQUILLARD, )))) | |
| Plaintiffs, ) | |
| vs. ) | Case No. CIV-04-1278-M |
| OKLAHOMA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, )))) | |
| Defendant. ) | |

### ORDER

Before the Court is plaintiffs' Motion to Compel Production of Documents, filed August 8, 2006. On August 24, 2006, defendant filed its response.

Local Civil Rule 37.1 provides, in pertinent part:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. . . .

LCvR 37.1.

In their motion, plaintiffs state: "[i]n the Spring of 2006, the Plaintiffs' attorney and the Defendant's attorney had a face to face meeting where they discussed the production of documents and other subjects related to the discovery." Motion to Compel Production of Documents at 6. In support of this statement, plaintiffs attach the affidavit of their attorney Gaylon Hayes. In his affidavit, Mr. Hayes states:

> I met with the Defendant's Attorneys at their office . . . in the Spring of 2006. . . . At this meeting, I requested the documents from the

> Defendant's attorneys that were not produced in discovery, I was told that the information requested was privileged. I asked for a privilege log and to date have not received a privilege log. I have had numerous conversations with the Defendant's attorneys about the discovery requested and to this date have not been provided with the information requested.

Affidavit of Gaylon Hayes at ¶ 6, attached as Exhibit 14 to plaintiffs' Motion to Compel Production of Documents.

In its response, defendant denies that counsel for the parties have had a face to face meeting to resolve the discovery issues raised in plaintiffs' motion to compel and states that the only time counsel have met in person to discuss discovery was on February 3, 2006, prior to defendant's responses to plaintiffs' discovery requests. Defendant further states that it has offered on a number of occasions for counsel to meet to discuss when, how, and in what form defendant will produce the requested documents, but that plaintiffs have never responded to defendant's offer. Finally, defendant states that it has not withheld any specific document by asserting that the document is privileged.

Having carefully reviewed the parties' submissions, the Court finds that counsel have not met and personally conferred and sincerely attempted to resolve the discovery issues raised in plaintiffs' motion to compel. The Court further finds that if the parties did meet and confer, it is likely many of the issues could be resolved. Finally, on August 15, 2006, the Court granted partial summary judgment in favor of defendant on all of plaintiffs' False Claims Act claims. The Court finds that this ruling could also impact the discovery requests at issue.

The Court, therefore, finds that plaintiffs' motion to compel is premature. Accordingly, the

Court DENIES plaintiffs' Motion to Compel Production of Documents [docket no. 78].[1]

**IT IS SO ORDERED this 5th day of October, 2006.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] In its response, defendant seeks attorney fees and costs. The Court declines to award attorney fees and costs.